# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | Criminal Action No.: 7:05-cr-01277-JMC-1 |
| v. | ) | 7:16-cv-00960-JMC |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Javier Ortega-Montoya, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court for review is Defendant Javier Ortega-Montoya's Motion to Vacate, brought pursuant to 28 U.S.C. § 2255, filed on March 25, 2016. (ECF No. 110.) On April 11, 2016, the United States of America (the "Government") moved to dismiss Defendant's Motion. (ECF No. 115.) For the reasons set forth below, the court **GRANTS** the Government's Motion to Dismiss and **DISMISSES** Defendant's Motion to Vacate as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2006, Defendant pleaded guilty to conspiring to possess with intent to distribute more than fifty grams of methamphetamine and more than five hundred grams of a substance containing methamphetamine. (ECF Nos. 30, 41.) On June 22, 2006, the court sentenced Defendant, as a career offender, to two hundred sixty-two (262) months of imprisonment and five (5) years of supervised release. (ECF No. 53.) On June 27, 2006, Defendant appealed the final judgment. (ECF No. 55.) On December 19, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence. (ECF No. 63 at 3.)

On March 25, 2016, Defendant, proceeding pro se, filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, arguing he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 110 at 4–5.) In *Johnson*, the United States Supreme Court held that "imposing

an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")]
violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Defendant "contends
that his due process rights were violated when the district court found that he was a career offender
and enhanced his advisory [Sentencing] [G]uideline[s'] sentence." (ECF No. 110 at 4.) Defendant
further asserts that *Johnson* is retroactive because the Supreme Court interpreted a federal statute,
making *Johnson* a new, substantive rule. (*Id.* at 4–5.)

On April 11, 2016, the Government filed a Motion to Dismiss Defendant's Motion to
Vacate. (ECF No. 115.) First, the Government argues that Defendant's Motion to Vacate is
untimely. (*Id.* at 2.) The Government asserts that

> the Fourth Circuit affirmed Petitioner's conviction and sentence on December 19,
> 2006. Assuming his conviction became final ninety days after that date, his
> conviction became final on or about March 19, 2007. Thus, the one-year period in
> which Petitioner had to timely file his § 2255 motion expired in March of 2008. As
> noted above, however, Petitioner filed his § 2255 motion on March 25, 2016,
> approximately 8 years after the time for filing had passed. Thus, his § 2255 motion
> is not timely.

(*Id.* at 3.) The Government further asserts that 28 U.S.C. § 2255(f)(3), an exception to the one-
year limitation applicable to § 2255 motions, does not apply to Plaintiff's Motion. (*Id.* at 3–4.)
Section 2255(f)(3) provides that

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of--. . . (3) the date on which the right
> asserted was initially recognized by the Supreme Court, if that right has been newly
> recognized by the Supreme Court and made applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3). According to the Government, "*Johnson* has not been made retroactively
applicable to [Sentencing] [G]uidelines [(the "Guidelines")] sentences," and Defendant's sentence
was pursuant to the Guidelines, not the ACCA. (ECF No. 114 at 4.) Thus, the Government
contends Defendant's reliance on *Johnson* is misplaced and his Motion to Vacate is untimely. (*Id.*)
The Government also argues that Defendant's Motion to Vacate should be dismissed because

"claim[s] that a district court erred in calculating the advisory [G]uidelines range, even career offender status, is not cognizable in a § 2255 proceeding." (*Id.*) Finally, citing decisions by other federal district courts, the Government argues "[t]he application of *Johnson* to the . . . Guidelines' residual clause is not retroactive on collateral review." (*Id.* at 4–14.)

On May 9, 2016, Defendant, now represented by counsel, filed a Response to the Government's Motion to Dismiss. (ECF No. 118.) Defendant's counsel "does not agree that *Johnson* does not apply to [c]areer [o]ffender cases or cases involving . . . Guidelines issues." (*Id.* at 1.) However, Defendant's counsel asserts "the [c]ourt does not have to decide that issue in ruling on the pending § 2255 Motion and Motion to Dismiss" because "[Defendant] still has two prior predicate offenses that are controlled substance offenses as that term is defined in [U.S.S.G.] § 4B1.2(b)."[1] (*Id.* at 2.)

## II. STANDARD OF REVIEW

A prisoner in federal custody may petition the federal court that imposed their sentence to vacate, set aside, or correct their sentence. 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2255, a prisoner may be entitled to relief upon showing: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) a federal court was without jurisdiction to impose a sentence; (3) a sentence was in excess of the maximum authorized by law; or (4) a sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner attacking a sentence,

_____

[1] A "controlled substance offense" is defined under the Guidelines as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

proceeding under § 2255, bears the burden of proving the grounds for attack by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) ("Because proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish by a preponderance of evidence that he did not intelligently waive his right to assistance of counsel."). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief . . . ." Rules Governing Section 2255 Proceedings 4(b). *See also* U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing there on . . . .").

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

The Fourth Circuit Court of Appeals recently issued an opinion on the issue presented by Plaintiff's § 2255 Motion. In *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), a petitioner appealed the district court's dismissal of his § 2255 petition, arguing that under *Johnson*, "his prior Resisting-Arrest Assault Conviction could no longer serve as a predicate crime of violence under

U.S.S.G. § 4B1.2(a) (2002), and therefore, his earlier designation as a career offender was unjustified." 868 F.3d at 300. The petitioner further argued that *Johnson*'s holding "invalidated not only [the] ACCA's residual clause, but also like-worded residual clauses in the . . . Guidelines." *Id.* Like Defendant, the *Brown* petitioner "relied on 28 U.S.C. § 2255(f)(3) to render his motion timely." *Id.* The Fourth Circuit found

> *Johnson* only recognized that ACCA's residual clause was unconstitutionally vague, 135 S. Ct. at 2557; it did not touch upon the residual clause at issue here. Likewise, *Beckles*[*v. United States*, 137 S. Ct. 886 (2017),] only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. 137 S. Ct. at 895. In a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. *See id.* at 892 n.2 (noting former circuit split). But *Beckles* demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by *Johnson*. Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

*Id.* at 303. Therefore, based on the Fourth Circuit's decision in *Brown*, Defendant cannot satisfy 28 U.S.C. § 2255(f)(3) using *Johnson*, and the court is compelled to find Defendant's Motion to Vacate (ECF No. 110) is untimely. Accordingly, the court grants Defendant's Motion to Dismiss (ECF No. 115).

## IV. CONCLUSION

For the reasons stated herein, the court **GRANTS** the Government's Motion to Dismiss (ECF No. 115) and **DISMISSES** Defendant's Motion to Vacate (ECF No. 110) as untimely.

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims as debatable or wrong and that any dispositive procedural ruling by the district court is likely debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because there is no substantial showing of a constitutional denial.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 7, 2019
Columbia, South Carolina